## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| Cornell Robinson, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:11cv87 (GBL/IDD) |
| | ) | |
| Greenville Correctional Center, | ) | |
|     Respondent. | ) | |

### MEMORANDUM OPINION

This Matter is before the Court on respondent's Motion to Dismiss this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed pro se by Cornell Robinson, a Virginia inmate.   Petitioner challenges the validity of his conviction following a guilty plea in the Circuit Court for the City of Newport News, Virginia.   On June 29, 2011, Respondent filed a Rule 5 Answer along with a Motion to Dismiss and supporting brief. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), but has filed no reply.   Accordingly, this matter is now ripe for disposition.   For the reasons that follow, respondent's Motion to Dismiss will be granted, and this petition will be dismissed.

### I. Background

On November 28, 2007 petitioner plead guilty to seven felonies in the Circuit Court for the City of Newport News, Virginia.   The felonies included: (1) assault and battery of a law enforcement officer, (2) robbery, (3) use of a firearm in the commission of a robbery, (4) possession of a firearm by a convicted felon, (5) attempted capital murder, (6) distribution of heroin, and (7) felony obstruction of justice.   Robinson v. Commonwealth, R. No. 1410-08-1.

In exchange for petitioner's guilty pleas, the Commonwealth moved to nolle prosequi charges of heroin possession and possession of a controlled substance with intent to distribute near school property.   Id.

The Circuit Court for the City of Newport News sentenced petitioner in seven separate orders as follows:   five years in prison with four suspended for assault and battery of a law enforcement officer, Commonwealth v. Cornell, No. CR 07062168-00, twenty years in prison with eighteen years suspended for robbery, id. at CR07061269-00, three years in prison for use of a firearm, id. at CR07062170-00, five years in prison on the possession of a firearm as a felon, id. at CR07062171-00, twenty years in prison with fifteen years suspended on the attempted capital murder conviction, id. at CR07062172-00, five years in prison with four years suspended for distribution of heroin, id. at CR07062406-00, and ten years in prison with nine years suspended for obstruction of justice, id. at CR07062507-00.   As a result, petitioner received a total active sentence of sixty-eight years with fifty years suspended.

Petitioner appealed his conviction to the Court of Appeals of Virginia, arguing that his guilty plea was not entered knowingly, voluntarily, and intelligently.   R. No. 1410-08-1. Petitioner also asserted that his sentence was excessive.   Id.   The Court of Appeals denied the petition for appeal in a per curiam Opinion dated October 24, 2008.   Id.   Petitioner sought review by a three-judge panel, which the Court of Appeals denied on February 11, 2009.   Id. Petitioner filed for further appeal in the Supreme Court of Virginia, which refused his petition on June 19, 2009.   R. No. 090314.

Petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on May 27, 2010.   On December 20, 2010, the Virginia Supreme Court denied and dismissed the

petition.

On January 19, 2011, petitioner timely filed the instant petition raising the following

claims:

    (I)      Petitioner's plea was not entered knowingly, voluntarily, and intelligently.   In support of this claim, petitioner lists the following five sub-claims:

        a.  Neither Mr. Wright nor Judge Conway advised petitioner that, by pleading guilty, he would waive the rights (1) to trial by jury; (2) confront and cross-examine his accuser; (3) to be protected against compelled self-incrimination; (4) to compel attendance of witnesses; (5) to present evidence on his own behalf; and (6) to appeal his conviction;

        b.  Neither Mr. Wright nor Judge Conway informed petitioner of the essential elements of each of the crimes to which he tendered his pleas of guilty;

        c.  Neither Mr. Wright nor Judge Conway informed petitioner that he could be found guilty of felonious obstruction of justice under Code § 18.2-460 under the indictment charging a misdemeanor offense of obstruction of justice under Code § 18.2-468(C);

        d.  Neither Mr. Wright nor Judge Conway informed petitioner that the Commonwealth had the burden of proving his guilt beyond a reasonable doubt in order to sustain convictions; and

        e.  Mr. Wright did not disclose the said plea agreement to Judge Conway, in violation of Rule 3A:8(c).

    (II)     Ineffective Assistance of Counsel.   In support of his claim, petitioner lists the following four sub-claims:

3

    a. Failing to disclose to Judge Conway that Mr. Wright and the prosecution had made an agreement for petitioner to receive an active eight (8) years sentence in consideration of his pleading guilty.

    b. Failing to assist petitioner in locating and contacting potential witnesses, whose testimony could have established that he was not guilty of some of the charges, before advising him to tender pleas of guilty.

    c. Failing to file formal discovery requests with the prosecution and failing to furnish petitioner the discovered evidence, which precluded him from making an informed decision as to whether to plead guilty or not guilty.

    d. Failing to inform petitioner that Virginia abolished discretionary parole on or about July 1, 1995, and that, therefore, he would not be eligible for early release on discretionary parole.[1]

It is undisputed that these claims are identical to those raised in petitioner's state habeas petition.   Therefore, petitioner's claims are exhausted for purposes of federal review.

### III.   Procedural Default

In claims I(a)-(e), petitioner asserts that the trial judge and his attorney failed to advise him of various rights and factors bearing on his decision to plead guilty.   When the petitioner raised the claims in his state habeas petition, the Supreme Court of Virginia held that the claims, insofar as they alleged error on behalf of the trial judge, were procedurally defaulted under Slayton v. Parrigan, 215 Va. 27, 29 cert. denied, 419 U.S. 1108 (1975), because they were

---

[1] The word "omitt" [sic] is written in pencil next to this claim in the instant petition.   However, it is unclear whether petitioner actually intended for this claim to be omitted from his federal habeas petition. In deference to petitioner's pro se status, the Court will consider the claim as part

non-jurisdictional issues that could have been raised at trial and on direct appeal.   R. No.

101089.

A state court's finding of procedural default is entitled to a presumption of correctness on

federal habeas corpus review, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28

U.S.C. § 2254(d)), provided two foundational requirements are met.   Harris v. Reed, 489 U.S.

255, 262-63 (1989).   First, the state court must explicitly rely on the procedural ground to deny

petitioner relief.   See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris, 489 U.S. at

259.   Second, the state procedural rule used to default petitioner's claim must be an independent

and adequate state ground for denying relief.   See Harris, 489 U.S. at 260; Ford v. Georgia, 498

U.S. 411, 423-24 (1991).   The Fourth Circuit has held consistently that "the procedural default

rule set forth in Slayton constitutes an adequate and independent state law ground for decision."

Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997).   When these two requirements are met,

federal courts may not review the barred claim absent a showing of cause and prejudice or a

fundamental miscarriage of justice, such as actual innocence.   Harris, 489 U.S. at 260.   The

existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of

counsel, (2) a factor external to the defense which impeded compliance with the state procedural

rule, or (3) the novelty of the claim.   See Coleman v Thompson, 501 U.S. 722, 753-54 (1991);

Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42.

Importantly, a court need not consider the issue of prejudice in the absence of cause.   See

Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).   In

this case, petitioner has made no showing of cause and prejudice or a fundamental miscarriage of

---

of the instant petition.

justice.   Therefore, claims I(a)-(e), insofar as they allege error on behalf of the trial judge, must
be dismissed from this petition as procedurally defaulted.

### IV. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition,
a federal court may not grant the petition based on the claim unless the state court's adjudications
are contrary to, or an unreasonable application of, clearly established federal law, or are based on
an unreasonable determination of the facts.   28 U.S.C. § 2254(d).   The evaluation of whether a
state court decision is "contrary to" or "an unreasonable application of" federal law is based on
an independent review of each standard.   See Williams v. Taylor, 529 U.S. 362, 412-13 (2000).
A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion
opposite to that reached by [the United States Supreme] Court on a question of law or if the state
court decides a case differently than [the United States Supreme] Court has on a set of materially
indistinguishable facts."   Id. at 413.   Under the "unreasonable application" clause, the writ
should be granted if the federal court finds that the state court "identifies the correct governing
legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to
the facts of the prisoner's case."   Id.   Importantly, this standard of reasonableness is an
objective one.   Id. at 410.   Under this standard, "[t]he focus of federal court review is now on
the state court decision that previously addressed the claims rather than the petitioner's
free-standing claims themselves."   McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997),
appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

6

## V. Analysis

The remainder of petitioner's claims allege ineffective assistance of counsel.   To

establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's

performance was deficient" and (2) "that the deficient performance prejudiced the defendant."

Strickland v. Washington, 466 U.S. 668, 687 (1984).   To prove that counsel's performance was

deficient, a petitioner must show that "counsel's representation fell below an objective standard

of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all

the circumstances, "outside the range of professionally competent assistance."   Id. at 690.   Such

a determination "must be highly deferential," with a "strong presumption that counsel's conduct

falls within the wide range of reasonable professional assistance."   Id. at 689; see also, Spencer

v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely

the result of sound trial strategy.").   The two prongs of the Strickland test are "separate and

distinct elements of an ineffective assistance claim," and a successful petition "must show both

deficient performance and prejudice."   Spencer, 18 F.3d at 233.   Therefore, a court need not

review the reasonableness of counsel's performance if a petitioner fails to show prejudice.

Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

The two-part Strickland test also "applies to challenges to guilty pleas based on

ineffective assistance of counsel."   Hill v. Lockhart, 474 U.S. 52, 58 (1985).   In the context of a

guilty plea, the "performance" prong of the Strickland test 'is nothing more than a restatement of

the standard of attorney competence already set forth in . . . McMann v. Richardson,' 397 U.S.

759, 771 (1970), that is, whether the advice of counsel "was within the range of competence

demanded of attorneys in criminal cases."   Id. at 58-59.   With regard to the "prejudice" prong in

7

the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000).

In reviewing a petitioner's claim of ineffective assistance of counsel regarding a plea agreement, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).   Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation.   Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).

A. Claim I(a):

In Claim I(a) petitioner asserts that his guilty plea was involuntary and unknowing because counsel failed to advise him that by pleading guilty he would waive his rights to a jury trial, to confront his accusers, to be protected against self-incrimination, to compel witnesses, to present evidence, and to appeal his convictions.   When the petitioner raised this claim in his state habeas petition the Virginia Supreme Court ruled as follows:

> [T]his portion of claim I(a) satisfies neither the
> "performance" nor the "prejudice" prong of the
> two-part test enunciated in Strickland v.
> Washington, 466 U.S. 668, 687 (1984).   The
> record, including affidavit of counsel, demonstrates
> that prior to the plea hearing counsel informed

8

> petitioner of the rights he would waive by pleading
> guilty and provided petitioner the opportunity to ask
> questions.   The trial transcript demonstrates that
> petitioner entered his pleas after discussing the
> matter thoroughly with counsel; he entered the pleas
> freely and voluntarily, was not forced into entering
> the pleas, and was satisfied with counsel's services.
> Petitioner does not allege that, but for this alleged
> error, he would have pleaded not guilty.

R. No. 101089.

Review of the trial transcript and affidavit by petitioner's counsel confirms that petitioner

discussed his plea with counsel and understood the consequence of pleading guilty.   Trial Tr. at

6-7; Wright Aff. at 2.   Accordingly, the foregoing holding by the Virginia Supreme Court was

both factually reasonable and not contrary to, nor an unreasonable application of federal law.

Therefore, claim I(a) of this petition must be dismissed.   Williams, 529 U.S. at 412.

B.   Claim I(b):

In Claim I(b), petitioner alleges he received ineffective assistance because counsel failed

to inform him of the essential elements of the crimes to which he pleaded guilty.   When

petitioner raised this claim in his state habeas petition, the Supreme Court of Virginia found it

without merit, explaining:

> [T]his portion of claim (I)(b) satisfies neither the
> 'performance' nor the 'prejudice' prong of the
> two-part test enunciated in Strickland.   The record,
> including the affidavit of counsel, demonstrates that
> counsel explained the elements of each offense to
> petitioner.   Petitioner is bound by his statement to
> the court that he discussed the matter thoroughly
> with counsel and petitioner has failed to assert that
> but for this alleged error he would not have pleaded
> guilty.

R. No. 101089.

9

As the Supreme Court of Virginia explained, petitioner is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).   Therefore, the decision by the Virginia Supreme Court in regards to claim I(b) was not contrary to or an unreasonable application of the controlling Strickland principles upon which the Court expressly relied, nor was it based on an unreasonable interpretation of the facts.   Thus, the Court must defer to the ruling of the state court and claim I(b) must be dismissed from this petition.

C.  Claim I(c):

In claim I(c) petitioner alleges that counsel was deficient because he failed to inform petitioner that he could be found guilty of felonious obstruction of justice under an indictment that petitioner believed charged only misdemeanor obstruction of justice.   When the petitioner raised this claim in his state habeas petition the Supreme Court of Virginia held as follows:

> [T]his portion of claim I(c) satisfies neither the
> 'performance' nor the 'prejudice' prong of the
> two-part test enunciated in Strickland.   The record,
> including the hearing transcript, demonstrate that
> though the indictment contained a reference to a
> subsection of the statute criminalizing a
> misdemeanor, the indictment charged petitioner
> with a felony, and at the plea hearing petitioner
> informed the judge he understood he was being
> charged with felony obstruction of justice.
> Moreover, petitioner fails to assert that but for
> counsel's alleged error he would not have pleaded
> guilty.

R. No. 101089

The record reflects that during the plea hearing the trial court clarified that the obstruction charge was indeed a felony and not a misdemeanor, even though the indictment contained a

10

reference to a code section for misdemeanor obstruction.   The court clarified the charge in the

presence of the petitioner during the following exchange:

> THE COURT:   Let me ask the Commonwealth a
> question.   Do you have your file regarding the
> obstruction of justice charge?
>
> MS. BURDGE:   I do, Your Honor, and the
> obstruction of justice was part of the May 28th [sic]
> when he started to struggle with the officer and ran.
>
> THE COURT:   Right.   I noticed that the
> indictment charges under 18.2-468, which is a
> misdemeanor, but the body of the indictment and
> the warrant reflects obstruction of justice being
> charged as a felony under 460(C).
>
> MS. BURDGE: Your Honor, it should be 460(C).
>
> THE COURT: 460(C).   You understand that Mr.
> Wright, as being charged as a felony under
> 18.2-460(C)?
>
> MR. WRIGHT:   Yes, sir.   Yes, sir, by force.   I
> understand that, Your Honor.

Plea Tr. at 12.   Additionally, at the sentencing hearing petitioner confirmed that he reviewed the

presentence report, which listed the obstruction of justice charge as a felony, and that no changes

needed to be made.   Sentencing Tr. at 2-3.   Thus, a review of the record demonstrates that

foregoing decision by the Supreme Court of Virginia was not contrary to nor an unreasonable

application of federal law, nor was it based on an unreasonable interpretation of the facts.

Therefore, habeas relief must be denied on claim I(c) of this petition.


   D. Claim I(d):

11

Petitioner argues he received ineffective assistance of counsel because counsel failed to inform him that the Commonwealth bore the burden of proving his guilt beyond a reasonable doubt. The Supreme Court of Virginia rejected this claim when petitioner raised it in his state habeas, holding that the record, as well as the affidavit by counsel, demonstrated that counsel informed petitioner that he had a right to a jury trial at which the jurors must unanimously find petitioner guilty beyond a reasonable doubt. R. No. 101089. Furthermore, petitioner failed to allege that but for counsel's alleged errors, he would not have pleaded guilty, would have proceeded to trial, and that the outcome of his proceedings would have been different. Id.

Counsel's affidavit establishes that he informed petitioner that pleading guilty would result in waiver of petitioner's right "to a jury trial and to have all twelve jurors find him guilty beyond a reasonable doubt." Respt's. State Mot. to Dismiss at ¶ 31; Wright Aff. at ¶ 5(v). Thus, the decision of the Supreme Court of Virginia was not contrary to nor an unreasonable application of federal law, nor was it based on an unreasonable interpretation of the facts. Thus, the Court must defer to the decision of the state court.

E.   Claim I(e) and II(a):

In both claims I(e) and II(a), petitioner alleges counsel was ineffective for failing to disclose a plea agreement for an eight-year sentence, which petitioner allegedly accepted, to the trial judge. The Supreme Court of Virginia dismissed these claims when petitioner raised them in his state habeas petition, explaining:

> [C]laims I(e) and II(A) satisfy neither the
> 'performance' nor the 'prejudice' prong of the
> two-part test enunciated in Strickland. The record,
> including the affidavit of counsel, demonstrates that
> no such plea offer was made and that counsel
> informed petitioner he could not make any estimates

12

> regarding the sentencing guidelines.   The trial
> transcript demonstrates that petitioner understood
> the minimum and maximum possible sentences he
> faced and that he understood he could be sentenced
> as allowed by statute.   Petitioner has failed to
> demonstrate that counsel's performance was
> deficient or that there is a reasonable probability
> that, but for counsel's alleged errors, he would have
> pleaded not guilty, would have proceeded to trial,
> and the outcome of the proceedings would have
> been different.

R. No. 101089.

Review of the record demonstrates that counsel stated in a sworn affidavit that

petitioner's allegation that an extra-record plea agreement existed was "disingenuous, to say the

least."   Counsel explained that as a matter of practice in Newport News Circuit Courts, felony

plea agreements must "always be in writing" and, if accepted, are made part of the record.

Respt's. State Mot. to Dismiss at ¶ ¶ 33-35; Wright Aff. at 3.   Furthermore, at the sentencing

hearing, petitioner told the trial court that he understood the Court may sentence him "as allowed

by statute on each of these offenses."   Sentencing Tr. at 3.   Therefore, the Supreme Court of

Virginia's decision regarding claim I(e) and II(a) was not contrary to nor an unreasonable

application of federal law, nor was it an unreasonable application of the facts.   Therefore, claims

I(e) and II(a) must be dismissed from this petition.

F.   Claim II(b) and Claim II(C)

In claim II(b) petitioner alleges counsel rendered ineffective assistance by failing to assist

petitioner in locating and contacting potential witnesses, whose testimony allegedly could have

established that petitioner was not guilty of some of the charges, before advising him to plead

guilty.   In claim II(c) petitioner argues he received ineffective assistance of counsel because his

13

attorney failed to file a formal discovery request, furnish petitioner with any discovered evidence, or interview the victim and police officers.   When petitioner raised these claim in his state habeas petition, the Supreme Court of Virginia summarily rejected them, explaining that for both claims "petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate.   Anderson v. Warden, 222 Va. 511, 516, 281 S.E.2d 885, 888 (1981)."   R. No. 101089.

In Anderson, the Supreme Court of Virginia held that "the truth and accuracy of representations made by accused as to the adequacy of his court-appointed counsel and voluntariness of his plea will be considered conclusively established by the trial proceedings, unless the petitioner offers a valid reason why he should be permitted to controvert his prior statements." 222 Va. at 516.   This mirrors the rule in federal court, which as discussed above, holds that declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations [of ineffective assistance or involuntariness] unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 74 (1977).   This Circuit has held on several occasions that absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001); see also United States v. LeMaster, 403 F.3d 216, 221-22 (4th Cir. 2005) (without clear and convincing evidence defendant's statements at plea colloquy were untruthful or involuntary, court will "dismiss any § 2255 motion that necessarily relies on allegations that contradict sworn statements").   Thus, the Virginia Supreme Court's decision was not contrary to, or an

14

unreasonable application of federal law, nor was it based on an unreasonable determination of the facts.   Therefore, the Court must defer to the state court's ruling and claims II(b) and II(c) must be dismissed.

   G.  Claim II(d):

   In his final claim, petitioner asserts that counsel was ineffective because he failed to inform petitioner that Virginia abolished discretionary parole on or about July 1, 1995, thereby rendering petitioner ineligible for release on discretionary parole.   The Virginia Supreme Court rejected this claim when petitioner raised it in his state habeas petition, explaining:

> [C]laim II(D) satisfies neither the 'performance' nor the 'prejudice' prong of Strickland.  The record, including the affidavit of counsel and petitioner's pre-sentence report, demonstrates that petitioner was convicted of and served time on more than one charge after Virginia abolished discretionary parole in 1995.  Also, petitioner failed to assert or demonstrate that but for the alleged error he would not have pleaded guilty.  Petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different.

R. No. 101089.

   The foregoing determination by the Virginia Supreme Court was not contrary to or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts.   Therefore, the Court must defer to the ruling of the state court and dismiss claim II(d).

## VI. Conclusion

For the above-stated reasons, the respondent's Motion to Dismiss will be granted, and this petition will be dismissed.   An appropriate Order shall issue.

Entered this _____ day of _____ 2011.


_____/s/_____
Gerald Bruce Lee
United States District Judge


Alexandria, Virginia

16